Eastern District of Kentucky
FILED

JUL 3 0 2007

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 06-366-JMH

PHILLIP ALLEN WHALEY,                                                                  PETITIONER

V.                         **MEMORANDUM ORDER**

BECKY W. PANCAKE, Warden,                                       RESPONDENT

\* \* \* \* \*

## I. INTRODUCTION

On October 30, 2006, petitioner Phillip Allen Whaley, *pro se*, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, concerning his conviction in Woodford Circuit Court on or about August 4, 2004. On December 7, 2006, the respondent filed her answer to the petition and moved to dismiss, and alternatively, for summary judgment.[1] On January 25, 2007, petitioner filed a response to respondent's motion to dismiss or for summary judgment [DE #15]. Thus, this matter is ripe for review.

In accordance with local practice, this matter was referred to the undersigned Magistrate Judge for consideration pursuant to 28 U.S.C. § 636(b). See Rule 10, Rules Governing Section 2254 Cases in the United States District Courts; Fed.R.Civ.P. 72(b).

## II. DISCUSSION

A.    **Standard of Review**

This is a pro se petition, and, as such, the Magistrate Judge is mindful that it is held to less stringent standards than those drafted by attorneys. See Cruz v. Beto, 405 U.S. 319 (1972); Haines

---

[1] Along with her motion for summary judgment, the Respondent also filed an Appendix (hereafter "A") consisting of (1) relevant portions of the state court record, (2) the briefs filed in the Kentucky Supreme Court of Appeals in reference to petitioner's direct appeal; and (3) the Kentucky Supreme Court's opinion affirming petitioner's conviction.

v. Kerner, 404 U.S. 519 (1972). The allegations in pro se petitions must be taken as true and construed in favor of the Petitioner. See Malone v. Colyer, 710 F.2d 258, 260 (6th Cir. 1983).

**B.      Prerequisites for Federal Habeas Corpus Review**

In order to grant relief in a proceeding pursuant to 28 U.S.C. § 2254, the court must find that certain prerequisites for granting relief are present. If these prerequisites are not met, the court must dismiss the petition without addressing its merits. Specifically, the court must find that: (1) petitioner is in "custody;" (2) petitioner has exhausted the remedies available to him in state court; and (3) petitioner did not waive or forfeit the right to present a particular issue by failing to follow state court rules to ensure that the state courts would review that issue on appeal.

At the time petitioner filed this action, he was an inmate at the Western Kentucky Correctional Complex in Fredonia, Kentucky. Thus, the first prerequisite is satisfied. In the discussion below, the Magistrate Judge will determine whether the remaining two prerequisites are satisfied.

**B.      Factual and Procedural History**

On August 7, 2002, a grand jury of the Woodford Circuit Court returned a six-count indictment against petitioner, charging him with the following offenses: Count 1 charged that on or about July 23, 2002, petitioner committed the offense of Kidnapping, when he, with the intent to use a victim as ransom, unlawfully restrained Betty Redden; Count 2 charged that on or about July 23, 2002, petitioner committed the offense of Wanton Endangerment, first degree, when he created a substantial risk of serious injury by holding a knife against the throat and chest of Betty Redden; Count 3 charged that on or about July 23, 2002, petitioner committed the offense of Receiving Stolen Property Over $300, when he unlawfully possessed a recently stolen 1997 Dodge Stratus; Count 4 charged that on or about July 23, 2002, petitioner committed the offense of Escape, first degree, when he, being charged with a felony, escaped from custody; Count 5 charged that on or about July 23, 2002, petitioner committed the offense of Criminal Mischief, second degree, when he wantonly destroyed property at the Versailles Police Department, causing a loss of $500.00 or more; and Count

6 charged petitioner with being a Persistent Felony Offender ("PFO") First Degree. <u>Indictment</u>, (A, pp. 1- 2).

Petitioner pled not guilty to these charges. Subsequently, once issues concerning petitioner's competency were resolved (on June 17, 2004, the trial court found petitioner competent to stand trial), petitioner proceeded to trial on these charges on June 17, 2004, in a bench trial and was convicted on all counts charged in the indictment, as amended (the Wanton Endangerment, First Degree charged in Count 2 was amended to charge Wanton Endangerment, Second Degree (a Class A misdemeanor); the Escape, First Degree charged in Count 4 was amended to charge Escape, Second Degree; the Criminal Mischief charged in Count 5 as a Second Class misdemeanor was amended to a Third Class misdemeanor; and the PFO First Degree offense charged in Count 6 was amended to charge petitioner with PFO Second Degree).

On December 17, 2004, petitioner was sentenced on these charges, as amended, and received a total sentence of forty-four (44) years. (A, pp. 456-456C).

Petitioner appealed his conviction to the Kentucky Supreme Court. In an unpublished opinion rendered on March 23, 2006, the Kentucky Supreme Court affirmed petitioner's conviction. <u>See Phillip A. Whaley v. Commonwealth of Kentucky</u>, Slip Opinion No. 2004-SC-0733-MR (unpublished). (A, pp. 566-571).

Thereafter, petitioner filed his federal habeas petition on October 30, 2006.

### C. Petitioner's claims

As grounds for relief, petitioner asserts that he was denied his right to a jury trial and due process, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Section Seven of the Kentucky Constitution. In support of that claim, petitioner states that he was never advised by the trial court of his right to a jury trial, that there is no written or oral waiver of his right to a jury trial, and that he did not knowingly, voluntarily, and intelligently waive that right. Consequently, petitioner contends that the bench trial of this matter was done in violation of his constitutional rights.

3

In response, the respondent acknowledges that there is no written waiver of record to establish that petitioner waived his right to a jury trial; however, respondent argues that petitioner otherwise waived his right to a jury trial. Therefore, respondent argues that the claim raised in his habeas petition is without merit and that the habeas petition should be dismissed.

In considering this matter, the Magistrate Judge has reviewed the state court record that accompanied respondent's Rule 5 Answer and her motion to dismiss, and alternatively, for summary judgment. Based on a review of the state court record that was provided to the court, the Magistrate Judge concludes that there are factual questions concerning whether the trial court ever advised petitioner of his right to a jury trial and/or whether petitioner voluntarily, knowingly, and intelligently waived his right to a jury trial, and the Magistrate Judge further concludes that the state court record before the court in this matter does not provide answers to these factual questions. Therefore, an evidentiary hearing is necessary in order to resolve this matter.

Accordingly, **IT IS HEREBY ORDERED** that:

1. This matter is scheduled for an evidentiary hearing concerning the claim raised in his habeas petition that he was not advised of his right to a jury trial and that he did not voluntarily, knowingly, and intelligently waive his right to a jury trial on Wednesday, September 26, 2007, at 9:00 a.m., in Courtroom "C" of the United States Courthouse, Lexington, Kentucky.

2. Pursuant to the Criminal Justice Act, Hon. Patrick F. Nash is appointed to represent Petitioner at the evidentiary hearing concerning the claims raised in petitioner's habeas petition.

3. Pursuant to Item H(6) of the Management Plan for Official Court Reporters of the United States District Court for the Eastern District of Kentucky effective June 13, 1985, the Magistrate Judge hereby determines and orders that a court reporter is required by the particular circumstances of these matters to record the proceedings to be conducted on September 26, 2007, pursuant to this Order.

4. Respondent's motion to dismiss and, alternatively for summary judgment [DE #6] is **DENIED WITHOUT PREJUDICE** to respondent's right to renew, if appropriate, subsequent to the proof submitted at the evidentiary hearing on September 26, 2007.

This 30th day of July, 2007.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE

5